**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| CLARENCE ARVIE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-1076 |
| | § | |
| DODEKA, LLC, HILCO RECEIVABLES | § | |
| LLC, SANCHEZ LAW FIRM, and | § | |
| WEINSTEIN & RILEY, P.S., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

The plaintiff, Clarence Arvie, sued under the Federal Fair Debt Collections Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq*., and under state-law causes of action. The dispute arose after Arvie accumulated a $6,900.64 debt on his Bank of America credit card account. The Bank of America sold the delinquent account to Hilco Receivables, LLC ("Hilco"). Hilco's debt-collection agent, FMA Alliance LTD, settled the debt with Arvie shortly after the Hilco purchase. After the settlement, Hilco sold the debt—allegedly without knowledge of the settlement—to Hudson & Keyes, which in turn sold it to Dodeka, LLC. Dodeka engaged the defendants Weinstein & Riley and the Sanchez Law Firm to collect the debt from Arvie. Their efforts to collect the settled debt from Arvie led to this suit.

Arvie sued Dodeka, LLC; Hilco Receivables, LLC; the Sanchez Law Firm; and Weinstein & Riley, alleging that they violated the FDCPA; the Texas Debt Collection Practices Act (TDCPA), TEX. FIN. CODE § 392.001, *et seq.*; and the Texas Deceptive Trade Practices Act (DTPA), TEX. BUS. & COM. CODE § 17.01, *et seq.,* by attempting to collect the debt Arvie had settled. Dodeka, Hilco,

and Weinstein & Riley filed separate motions for summary judgment. (Docket Entry No. 44, 46, 50, 51, 54, 55).   This court granted Hilco's motion, dismissing it from the lawsuit, but denied the motions filed by Weinstein & Riley and Dodeka.   These defendants moved for leave to designate Hilco and Hudson & Keyes as responsible third parties under the Texas statute permitting such designations, TEX. CIV. PRAC. & REM. CODE § 33.004.   (Docket Entry No. 87).   Arvie objected and moved to strike the designation, (Docket Entry No. 91); Dodeka and Weinstein & Riley responded, (Docket Entry No. 93); and Arvie replied, (Docket Entry No. 101).   The Sanchez Law Firm also moved for leave to designate Hilco, Hudson & Keyes, FMA Alliance, and the Seideman Law Firm—who represented Arvie in negotiations with FMA Alliance—as responsible third parties under § 33.004.   (Docket Entry No. 99).   Arvie objected and moved to strike the designation. (Docket Entry No. 99).   Based on the motions, objections, responses, and the applicable law, this court grants the motion filed by Dodeka and Weinstein & Riley to designate Hilco and Hudson & Keyes as responsible third parties.   The motion filed by the Sanchez Law Firm to designate the Seideman Law Firm and FMA Alliance as responsible third parties is denied.   The reasons are set forth below.

## I.       The Legal Standard

Section 33.004(a) of the Texas Civil Practice and Remedies Code, amended in 2003, allows a defendant to designate, "on or before the 60th day before the trial date unless the court finds good cause to allow the motion at a later date," "responsible" third parties who are not joined as parties but whose fault the fact-finder can consider.   A responsible third party may include "any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought . . . ."   TEX. CIV. PRAC. & REM. CODE § 33.011(6).   Once the responsible third

party is designated, the defendant may introduce evidence about that party's role in the alleged injury or damages and ask the fact-finder to consider that role in allocating fault.  Responsible third parties are not limited to those who can be made parties in the traditional sense; responsible third parties may be persons or entities outside the court's jurisdiction, unable to be sued, or even unknown.  *See id.* § 33.004(j); *In re United Elevator Servs. Co.*, 178 S.W.3d 53, 58 n.5 (Tex. App.—Houston [1st Dist.] 2005, no pet.).

Under the statute, the court must grant a timely motion for leave to designate a responsible third party unless another party timely objects and shows that "the defendant did not plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirement of the Texas Rules of Civil Procedure."  *Id.* § 33.004(g).  Under Rule 47 of the Texas Rules of Civil Procedure, a pleading must contain "a short statement of the cause of action sufficient to give fair notice of the claim."  TEX. R. CIV. P. 47(a).  If the court grants leave to designate a responsible third party, the plaintiff has the option of joining that third party as a defendant.  *See* TEX. CIV. PRAC. & REM. CODE § 33.004(e) ("If a person is designated under this section as a responsible third party, a claimant is not barred by limitations from seeking to join that person, even though such joinder would otherwise be barred by limitations, if the claimant seeks to join that person not later than 60 days after that person is designated as a responsible third party."); *Davis v. Dallas Cnty., Tex.*, 541 F. Supp. 2d 844, 857 (N.D. Tex. 2008) (rejecting a motion to dismiss on the basis of statute of limitations when the plaintiffs filed an amended complaint joining the responsible third party and cited § 33.004(e) as the authority for joinder); *Dumas v. Walgreens Co.*, 3:05-CV-2290-D, 2007 WL 465219, at *1 (N.D. Tex. Feb. 13, 2007) (permitting joinder even though it destroyed diversity and resulted in remand to state court and observing that "[o]nce [the defendant] relied on TEX. CIV.

PRAC. & REM. CODE ANN. § 33.004 to designate [a responsible third party], plaintiffs became

entitled under § 33.004(e) to seek to join her as a party"); *Werner v. KPMG LLP*, 415 F. Supp. 2d

688, 709 n.22 (S.D. Tex. 2006) ("Under Section 33.004(e), the plaintiff has a sixty-day window

following the responsible third party designation during which it may join the newly designated

party and assert claims against that party regardless of the statute of limitations.").  The motion to

join must be filed within sixty days after the court designates the responsible third party.  TEX. CIV.

PRAC. & REM. CODE § 33.004(e).

Even if the responsible third party is not joined as a defendant, the fact-finder will determine

that party's fault in causing the plaintiff's injury unless the trial court strikes the designation or

concludes that there is no legally sufficient evidence of its fault produced at trial.  *Id.* § 33.003(b).

A finding of fault against a designated responsible third party is not a basis for imposing liability

or damages on the responsible third party and by itself has no preclusive effect.  *Id.* § 33.004(l).

## II.    Analysis

### A.    Hilco and Hudson & Keyes

Dodeka and Weinstein & Riley filed timely motions to designate Hilco and Hudson & Keyes

as responsible third parties.[1]  Arvie objected to their motion.  The issue is whether these defendants

pleaded "sufficient facts concerning the alleged responsibility" of Hilco and Hudson & Keyes "to

---

[1]  In a telephone conference held on January 4, 2011, this court set a January 7, 2011 deadline for designating
responsible third parties.  Arvie did not object to this date during the telephone conference.  All the motions
to designate third parties were filed on or before this date.  Arvie argues that the motions were nonetheless
untimely because they were filed less than 60 days before a January 24, 2011 trial setting, despite the fact that
the setting was continued with the parties' agreement.  Arvie agreed to move that trial setting to March 18,
2011 during the same January 4 telephone conference.  The motions for leave to designate responsible third
parties are timely under the January 7, 2011 deadline.

satisfy the pleading requirement of the Texas Rules of Civil Procedure." Tex. Civ. Prac. & Rem. Code § 33.004(g).  They have.

Dodeka and Weinstein & Riley alleged that Hilco and Hudson & Keyes sold Arvie's debt to Dodeka, representing that $6,900.64 was outstanding on the account.  These allegations appear in their response to Arvie's objection to the motion for leave to designate responsible third parties. These allegations also appear in their answer to Arvie's complaint, which asserted a cross-claim against Hilco.  (Docket Entry No. 93, at 2); (Docket Entry No. 7, Original Answer, ¶ 31).  These allegations provide fair notice to Arvie that Hilco and Hudson & Keyes caused or contributed to cause the alleged injury by representing that Arvie had an outstanding debt that Dodeka and its agents were entitled to collect.

Arvie argues that Federal Rule of Civil Procedure 14, not § 33.004, governs whether Dodeka and Weinstein & Riley may designate responsible third parties and that this court should deny their motion because Dodeka and Weinstein & Riley have failed to invoke the proper procedure for third-party practice under the Federal Rules, have failed to give proper and timely notice in their pleadings under Federal Rule of Civil Procedure 8, and failed to disclose responsible third parties in their initial disclosures under Federal Rule of Civil Procedure 26 or in responses to discovery requests. Arvie argues that "this untimely request, incorrectly labeled to amend answer and add a third party to this suit, this motion should therefore be denied."  (Docket Entry No. 101, at 5).  The primary argument is that § 33.004 does not apply in federal court.

The *Erie* doctrine requires that a federal court apply state law to cases not governed by federal law. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).  "The *Erie* case and the Supreme Court decisions following it apply in federal question jurisdiction as well."  19 Charles A. Wright,

5

ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 4520 (2d ed. 1996). "Where the state rule reflects a substantive state policy not in conflict with the plain meaning of the federal rule, then the state rule is the rule of decision and should be applied under the terms of the *Erie* doctrine." *Exxon Corp. v. Burglin*, 42 F.3d 948, 949 (5th Cir. 1995). Courts in this circuit, including this court, have found that there is no conflict between designating responsible third parties under § 33.004 and Rule 14 because Rule 14 governs joining third parties, not designating them as responsible for the purpose of limiting the liability and damages of those who are parties to the suit. *See Cortez v. Frank's Casing Crew & Rental Tools*, Civ. A. No. V-05-125, 2007 WL 419371, at *1–2 (S.D. Tex. Feb. 2, 2007) (collecting cases); *Eisenstadt v. Telephone Electronics Corp.*, Civ. A No. 3:06-CV-1196-O, 2008 WL 4452999, at *1 (N.D. Tex. Sept. 30, 2008) ("Several federal district courts in Texas, including this Court, have applied [§ 33.004] in diversity cases, finding there is no conflict with the Federal Rules of Civil Procedure."); *Guzman v. Mem'l Hermann Hosp. Sys.*, Civ. A. No. H-07-03973, 2009 WL 3837042, at *4 (S.D. Tex. Nov. 12, 2009) (collecting cases); *Werner*, 415 F. Supp. 2d at 703 ("'[S]ince the 2003 amendments, responsible third parties are now designated, not joined. Further, responsible third parties are no longer limited to whose who are liable to plaintiff, whose identity is known, or who is not even subject to the court's jurisdiction.'" (quoting *Bueno v. Cott Beverages, Inc.*, No. Civ. A. SA04-CA24XR, 2005 WL 647026, at *2 (W.D. Tex. Feb.8, 2005)). Rule 14 does not prevent Dodeka and Weinstein & Riley from designating responsible third parties under § 33.004.

Arvie also argues that allowing Dodeka and Hudson & Keyes to designate responsible third parties would impose an unfair discovery burden. The motions were timely filed. Arvie has not shown that the defendants failed to "plead sufficient facts concerning the alleged responsibility of

the person to satisfy the pleading requirement of the Texas Rules of Civil Procedure." TEX. CIV. PRAC. & REM. CODE § 33.004(f–g).  Under the Texas statute, Arvie's contention that responsible third-party designations would impose an additional discovery burden does not provide a basis to deny the motion.  *See In re United Elevator Serv. Co.*, 178 S.W.3d 53, 61–62 (Tex. App.—Houston [1st Dist.] 2005, no pet.) ("Relators' motion to designate Southwestern Bell as a responsible third party was filed more than sixty days before the original trial setting, and thus was timely. TEX. CIV. PRAC. & REM.CODE ANN. § 33.004(a). The trial court was required to grant relators' motion for leave to designate Southwestern Bell as a responsible third party unless another party timely objected.").

The result would be the same if Dodeka and Weinstein & Riley had moved to amend their pleadings under Rule 15 of the Federal Rules of Civil Procedure.  Rule 15(a) provides that a party may amend its pleading once without seeking leave of court or the consent of the adverse party before a responsive pleading is served.  After a responsive pleading is served, the party may amend only "with the opposing party's written consent or the court's leave."  FED. R. CIV. P. 15(A). Although a court "should freely give leave when justice so requires," FED. R. CIV. P. 15(a), leave to amend "is not automatic."  *Matagorda Ventures, Inc. v. Travelers Lloyds Ins. Co.*, 203 F. Supp. 2d 704, 718 (S. D. Tex. 2000) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)).  A district court reviewing a motion to amend pleadings under Rule 15(a) may consider factors such as "undue delay, bad faith or dilatory motive . . . undue prejudice to the opposing party, and futility of amendment."  *In re Southmark Corp.*, 88 F.3d 311, 314–15 (5th Cir. 1996).  Rule 16(b) states that scheduling orders "may be modified only for good cause and with the judge's consent."  The Rule 16(b) "good cause" standard, rather than the "freely given" standard of Rule

15(a), governs a motion to amend filed after the deadline set in the scheduling order. *See Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546–47 (5th Cir. 2003); *S & W Enters., LLC v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535–36 (5th Cir. 2003). The "good cause" standard focuses on the diligence of the party asking the court to modify the scheduling order. *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000); *In re Milk Prods. Antitrust Litig.*, 195 F.3d 430, 437 (8th Cir. 1999). The absence of prejudice to the nonmovant is relevant to Rule 15(a) but does not satisfy the "good cause" requirement of Rule 16(b). *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995). "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S & W Enters.*, 315 F.3d at 535 (quoting 6A CHARLES A. WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 1522.1 (2d ed. 1990)). If a movant establishes good cause to extend the pretrial scheduling order, or if there is no need to extend the scheduling order, the court decides whether to grant leave to file the amended pleading under Rule 15(a). *S & W Enters.*, 315 F.3d at 536 ("Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave."). In deciding whether to grant leave to file an amended pleading under Rule 15(a), a district court may consider factors such as undue delay; bad faith or dilatory motive on the part of the movant; repeated failure to cure deficiencies by amendments previously allowed; undue prejudice to the opposing party; and futility of amendment. *See Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993).

There was good cause for Dodeka and Weinstein & Riley to designate Hilco and Hudson & Keyes as responsible third parties after the deadline for amending its answer because this court's ruling dismissed Hilco from the lawsuit prior to that date. As Dodeka and Weinstein & Riley argue,

the dismissal of Hilco altered the lawsuit from one involving claims related to selling a settled debt *and* collecting a settled debt, to involving only claims related to collection.   Before Hilco's dismissal, Dodeka and Weinstein & Riley did not need to designate either Hilco or Hudson & Keyes as responsible third parties because Hilco—one of the entities that allegedly sold a settled debt—was already in the lawsuit.   Arvie argues that he would be unduly prejudiced by the need to conduct additional discovery, but Arvie has already been allowed discovery into the transactions involving his account between Hilco and Hudson & Keyes and between Hudson & Keyes and Dodeka.   There is no evidence of bad faith or dilatory motive.   Under Rules 15 and 16, had Dodeka and Weinstein & Riley moved to amend their answer to designate responsible third parties, that motion would have been granted.

Finally, Arvie argues that the allegations in the designation by Dodeka and Weinstein & Riley against Hilco and Hudson & Keyes do not meet the pleading standard under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).   The allegations are sufficient to show "grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (footnote omitted) (quoting *Twombly*, 550 U.S. at 555).   A responsible third party may include "any person who is alleged to have caused or contributed to causing *in any way* the harm for which recovery of damages is sought . . . ."   TEX. CIV. PRAC. & REM. CODE § 33.011(6) (emphasis added).   Dodeka and Weinstein & Riley alleged that Hilco and Hudson & Keyes contributed to Arvie's injury by selling Dodeka Arvie's account even though he had settled the loan, without informing Dodeka of the sale.   The allegations are sufficient under both Texas and federal law.

The motion filed by Dodeka and Weinstein & Riley motion to designate Hilco and Hudson & Keyes as responsible third parties is granted.

**B.    The Sanchez Law Firm**

The Sanchez Law Firm also filed a timely motion to designate responsible third parties.  This court has already granted Dodeka's and Weinstein & Riley's motion to designate Hilco as a responsible third party.  "[O]nce leave has been granted to designate a responsible third party, that designated party is available for apportionment of fault by any defendant, provided that—after discovery and prior to submission of the case to a factfinder, and upon motion to strike the designation due to lack of evidence—some defendant points the court to evidence sufficient to raise a genuine issue of fact regarding that designated party's potential liability for the plaintiffs' harm, as that 'harm' was initially defined and supported by the moving defendant."  *See Coachmen Indus., Inc. v. Alt. Serv. Concepts, L.L.C.*, Civ. A. No. H-06-08-92, 2008 WL 2787310 at *3 (S.D. Tex. July 15, 2008).

The issue is whether the Sanchez Law Firm has pleaded "sufficient facts concerning the alleged responsibility" of the Seideman Law Firm and of FMA Alliance  to overcome Arvie's objection.  Even under the pleading requirements of the Texas Rules of Civil Procedure referred to in § 33.004, the Sanchez Law Firm has failed to allege a basis for the responsibility of the Seideman Law Firm and of FMA Alliance.  There are no allegations about the acts or omissions that allegedly caused or contributed to cause Arvie's injury.  The Sanchez Law Firm's motion to designate the Seideman Law Firm and FMA Alliance as responsible third parties is denied.

**III.    Conclusion**

Dodeka's and Weinstein & Riley's motion to designate Hilco and Hudson & Keyes as responsible third parties, (Docket Entry No. 87), is granted.  The Sanchez Law Firm's motion to designate the Seideman Law Firm and FMA Alliance as responsible third parties, (Docket Entry No. 98),  is denied.

SIGNED on May 4, 2011, at Houston, Texas.

Lee H. Rosenthal
United States District Judge

11