**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| CLARENCE ARVIE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-1076 |
| | § | |
| DODEKA, LLC, HILCO RECEIVABLES | § | |
| LLC, SANCHEZ LAW FIRM, and | § | |
| WEINSTEIN & RILEY, P.S., | § | |
| | § | |
| Defendants. | § | |

**ORDER**

The plaintiff, Clarence Arvie, sued under the Federal Fair Debt Collections Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq*., and under state-law causes of action. The dispute arose after Arvie accumulated a $6,900.64 debt on his Bank of America credit card account. The Bank of America sold the delinquent account to Hilco Receivables, LLC ("Hilco"). Hilco's debt-collection agent, FMA Alliance LTD, settled the debt with Arvie shortly after the Hilco purchase. After the settlement, Hilco sold the debt—allegedly without knowledge of the settlement—to Hudson & Keyes, which in turn sold it to Dodeka, LLC. Dodeka engaged the defendants Weinstein & Riley and the Sanchez Law Firm to collect the debt from Arvie. Their efforts to collect the settled debt from Arvie led to this suit.

Arvie sued Dodeka, LLC; Hilco Receivables, LLC; the Sanchez Law Firm; and Weinstein & Riley, alleging that they violated the FDCPA; the Texas Debt Collection Practices Act (TDCPA), TEX. FIN. CODE § 392.001, *et seq.*; and the Texas Deceptive Trade Practices Act (DTPA), TEX. BUS. & COM. CODE § 17.01, *et seq.,* by attempting to collect the debt Arvie had settled. Dodeka, Hilco,

and Weinstein & Riley filed separate motions for summary judgment. (Docket Entry No. 44, 46, 50, 51, 54, 55). This court granted Hilco's motion on limitations grounds, dismissing it from the lawsuit, but denied the motions filed by Weinstein & Riley and Dodeka.

Dodeka and Weinstein & Riley moved for leave to designate Hilco and Hudson & Keyes as responsible third parties under the Texas statute permitting such designations, TEX. CIV. PRAC. & REM. CODE § 33.004. (Docket Entry No. 87). This court granted that motion. Arvie also moved for leave to file a motion for summary judgment against Dodeka, Weinstein & Riley, and the Sanchez Law Firm. (Docket Entry No. 108). This court denied that motion. This court has also informed the parties that "no new motions may be filed." (Docket Entry No. 112).

Arvie has since inquired whether he may file a motion to join Hilco to the lawsuit in response to the designation of it as a responsible third party. Section 33.004(a) of the Texas Civil Practice and Remedies Code, amended in 2003, allows a defendant to designate, "on or before the 60th day before the trial date unless the court finds good cause to allow the motion at a later date," responsible third parties who are not joined as parties but whose fault the fact-finder can consider. A responsible third party may include "any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought . . . ." TEX. CIV. PRAC. & REM. CODE § 33.011(6). Once the responsible third party is designated, the defendant may introduce evidence about that party's role in the alleged injury or damages and ask the factfinder to consider that role in allocating fault. Responsible third parties are not limited to those who can be joined as parties to the litigation. Responsible third parties may be persons or entities outside the court's jurisdiction, unable to be sued by the plaintiff or other parties, or even unknown. *See id.* § 33.004(j); *In re United Elevator Servs. Co.*, 178 S.W.3d 53, 58 n.5 (Tex. App.—Houston [1st Dist.] 2005, no

pet.). If the court grants leave to designate a responsible third party, the plaintiff has the option of joining that third party as a defendant if the request to do so is made within 60 days after the designation. *See* TEX. CIV. PRAC. & REM. CODE § 33.004(e) ("If a person is designated under this section as a responsible third party, a claimant is not barred by limitations from seeking to join that person, even though such joinder would otherwise be barred by limitations, if the claimant seeks to join that person not later than 60 days after that person is designated as a responsible third party."); *Davis v. Dallas Cnty., Tex.*, 541 F. Supp. 2d 844, 857 (N.D. Tex. 2008) (rejecting a motion to dismiss on the basis of statute of limitations when the plaintiffs filed an amended complaint joining the responsible third party and cited § 33.004(e) as the authority for joinder); *Dumas v. Walgreens Co.*, 3:05-CV-2290-D, 2007 WL 465219, at *1 (N.D. Tex. Feb. 13, 2007) (permitting joinder even though it destroyed diversity and resulted in remand to state court and observing that "[o]nce [the defendant] relied on TEX. CIV. PRAC. & REM. CODE ANN. § 33.004 to designate [a responsible third party], plaintiffs became entitled under § 33.004(e) to seek to join her as a party"); *Werner v. KPMG LLP*, 415 F. Supp. 2d 688, 709 n.22 (S.D. Tex. 2006) ("Under Section 33.004(e), the plaintiff has a sixty-day window following the responsible third party designation during which it may join the newly designated party and assert claims against that party regardless of the statute of limitations.").

Arvie has indicated his intent to file a motion to join Hilco within sixty days after its designation as a responsible third party. TEX. CIV. PRAC. & REM. CODE § 33.004(e). This court notes, however, that such a motion raises a concern beyond the impact on the scheduling order. On October 25, 2010, this court granted Hilco's motion for summary judgment on the basis that when Arvie filed suit on April 10, 2009, the one-year limitations period had already expired. Section

33.004(e) states that "a claimant is not barred by limitations from seeking to join that person, even though such joinder would otherwise be barred by limitations, if the claimant seeks to join that person not later than 60 days after that person is designated as a responsible third party." There is little case law applying this provision. The federal courts addressing it have found that this provision tolls the statute of limitations from the date the original lawsuit was filed until the date a designated responsible third party is joined as a defendant under § 33.004(e). *See Davis*, 541 F. Supp. 2d at 856–57. Under this approach, if limitations would bar suit against a responsible third party on the date the suit was originally filed, that party could not be joined after being designated under § 33.004, but if the party could have been sued when the suit was first filed and limitations has since expired, the tolling provision of § 33.004(e) applies. The few Texas state courts to refer to this provision have simply stated that it allows any designated party to be joined to the suit, regardless of limitations. Arvie should be prepared to discuss these cases if he moves to rejoin Hilco to the suit. Any such motion to rejoin Hilco must be filed by **May 16, 2011**. In its response, due on **May 23, 2011**, Hilco should be prepared to explain why a limitations bar applies despite § 33.004(e)'s language.

      SIGNED on May 11, 2011, at Houston, Texas.

                                    Lee H. Rosenthal
                                  United States District Judge