**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| CLARENCE ARVIE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-1076 |
| | § | |
| DODEKA, LLC, HILCO RECEIVABLES | § | |
| LLC, SANCHEZ LAW FIRM, and | § | |
| WEINSTEIN & RILEY, P.S., | § | |
| | § | |
| Defendants. | § | |

**ORDER**

The plaintiff, Clarence Arvie, sued under the Federal Fair Debt Collections Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*, and under state-law causes of action. The dispute arose after Arvie accumulated a $6,900.64 debt on his Bank of America credit card account. The Bank of America sold the delinquent account to Hilco Receivables, LLC ("Hilco"). Hilco's debt-collection agent, FMA Alliance LTD, settled the debt with Arvie shortly after the Hilco purchase. After the settlement, Hilco sold the debt—allegedly without knowledge of the settlement—to Hudson & Keyes, which in turn sold it to Dodeka, LLC. Dodeka engaged Weinstein & Riley and the Sanchez Law Firm to collect the debt from Arvie. Their efforts to collect the settled debt from Arvie led to this suit.

Arvie sued Dodeka, LLC; Hilco Receivables, LLC; the Sanchez Law Firm; and Weinstein & Riley, alleging that they violated the FDCPA; the Texas Debt Collection Practices Act (TDCPA), TEX. FIN. CODE § 392.001, *et seq.*; and the Texas Deceptive Trade Practices Act (DTPA), TEX. BUS. & COM. CODE § 17.01, *et seq.,* by attempting to collect the debt Arvie had settled. Dodeka, Hilco,

and Weinstein & Riley filed separate motions for summary judgment.  (Docket Entry No. 44, 46, 50, 51, 54, 55).  This court granted Hilco's motion as to Arvie's FDCPA claim on limitations grounds and  dismissed it from the lawsuit because only state law claims remained.  (Docket Entry No. 82, at 22–23).

Dodeka and Weinstein & Riley moved for leave to designate Hilco and Hudson & Keyes as responsible third parties under the Texas statute permitting such designations, TEX. CIV. PRAC. & REM. CODE § 33.004.  (Docket Entry No. 87).  This court granted that motion.  (Docket Entry No. 113).  Arvie has since moved to join Hilco to the lawsuit in response to its designation as a responsible third party.  (Docket Entry No. 116).  Hilco responded, (Docket Entry No. 118), and Arvie replied, (Docket Entry No. 120).  Based on the motion, response, reply, and the applicable law, Arvie's motion to join Hilco is granted.  The reasons for this court's decision are set forth below.

## I.    The Legal Standard

Section 33.004(a) of the Texas Civil Practice and Remedies Code, amended in 2003, allows a defendant to designate, "on or before the 60th day before the trial date unless the court finds good cause to allow the motion at a later date," responsible third parties who are not joined as parties but whose fault the fact-finder can consider.  A responsible third party may include "any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought . . . ."  TEX. CIV. PRAC. & REM. CODE § 33.011(6).  Once the responsible third party is designated, the defendant may introduce evidence about that party's role in the alleged injury or damages and ask the factfinder to consider that role in allocating fault.  Responsible third parties are not limited to those who can be joined as parties to the litigation.  Responsible third

parties may be persons or entities outside the court's jurisdiction, unable to be sued by the plaintiff or other parties, or even unknown. *See id.* § 33.004(j); *In re United Elevator Servs. Co.*, 178 S.W.3d 53, 58 n.5 (Tex. App.—Houston [1st Dist.] 2005, no pet.).

If the court grants leave to designate a responsible third party, the plaintiff has the option of joining that third party as a defendant—even if joinder would otherwise be barred by limitations—if the request to do so is made within 60 days after the designation.[1]  *See* TEX. CIV. PRAC. & REM. CODE § 33.004(e) ("If a person is designated under this section as a responsible third party, a claimant is not barred by limitations from seeking to join that person, even though such joinder would otherwise be barred by limitations, if the claimant seeks to join that person not later than 60 days after that person is designated as a responsible third party."); *Davis v. Dallas Cnty., Tex.*, 541 F. Supp. 2d 844, 857 (N.D. Tex. 2008) (rejecting a motion to dismiss on the basis of statute of limitations when the plaintiffs filed an amended complaint joining the responsible third party and cited § 33.004(e) as the authority for joinder); *Dumas v. Walgreens Co.*, 3:05-CV-2290-D, 2007 WL 465219, at *1 (N.D. Tex. Feb. 13, 2007) (permitting joinder even though it destroyed diversity and resulted in remand to state court and observing that "[o]nce [the defendant] relied on TEX. CIV. PRAC. & REM. CODE ANN. § 33.004 to designate [a responsible third party], plaintiffs became entitled under § 33.004(e) to seek to join her as a party"); *Werner v. KPMG LLP*, 415 F. Supp. 2d 688, 709 n.22 (S.D. Tex. 2006) ("Under Section 33.004(e), the plaintiff has a sixty-day window

---

[1]  This provision was repealed by H.B. No. 274, 82d Leg., R.S. (2011).  Representative Tryon Lewis, the sponsor of the amendment to H.B. 274 repealing TEX. CIV. PRAC. & REM. CODE § 33.004(e), stated that the amendment intends to remove Texas's "exception" to the statute of limitations.  Angela Morris, *Amendment to Loser-Pays Bill Impacts Third-Party Practice*, TEX PARTE BLOG (May 9, 2011, 4:45 PM), http://texaslawyer.typepad.com/texas_lawyer_blog/2011/05/amendment-to-loser-pays-bill-impacts-third-party-practice.html; *see also* H.J. of Tex., 82d Leg., R.S. 3213 (2011) (showing that Representative Lewis proposed the amendment).

following the responsible third party designation during which it may join the newly designated party and assert claims against that party regardless of the statute of limitations.").

## II.   Analysis

Arvie filed his motion to join Hilco within sixty days after its designation as a responsible third party. TEX. CIV. PRAC. & REM. CODE § 33.004(e). As noted, on October 25, 2010, this court granted Hilco's motion for summary judgment on the basis that when Arvie filed suit on April 10, 2009, the FDCPA's one-year limitations period had already expired. This court did not rule on whether Arvie's state-law claims against Hilco were also barred by limitations. In opposing Arvie's motion to join it, Hilco does not argue whether the state-law claims are barred by limitations. But even assuming that limitations bars Arvie's state-law claims against Hilco, joinder is nonetheless required.

The unambiguous language of section 33.004(e) states that "a claimant is not barred by limitations from seeking to join that person, even though such joinder would otherwise be barred by limitations, if the claimant seeks to join that person not later than 60 days after that person is designated as a responsible third party." Every Texas court that has interpreted § 33.004(e) has found that it allows the plaintiff to join a third party even when limitations would otherwise bar the plaintiff's claim.[2] *See, e.g.*, Galbraith *Eng'g Consul. v. Pochuca*, 290 S.W.3d 863, 868–69 (Tex. 2009) ("Although the [TEX. CIV. PRAC. & REM. CODE § 33] scheme initially equated responsibility

---

[2] Texas courts have found that § 33.004(e) does not allow a plaintiff to join defendants in the following circumstances: (1) when claims against the defendant are barred by a statute of repose, *Galbraith Eng'g Consul. v. Pochuca*, 290 S.W.3d 863, 869 (Tex. 2009); (2) when the statute of limitations for the underlying action states that limitations runs "notwithstanding any other law," *Molinet v. Kimbrell*, --- S.W.3d ----, 2011 WL 182230, at *6–8 (Tex. Jan. 21, 2011), *Mena v. Lenz*, --- S.W.3d ----, 2011 WL 1844450, at *3 (Tex. App.—Corpus Christi Mar. 17, 2011, no pet. h.); and (3) when the statute of limitations expired before § 33.004(e)'s 2003 enactment, *Villarreal v. Wells Fargo Brokerage Servs. LLC*, 315 S.W.3d 109, 123–24 (Tex. App.—Houston [1st Dist.] 2010, no pet.). None of these exceptions is applicable here.

with liability to the plaintiff or claimant, this is no longer the case.  Thus, a defendant may designate

a responsible third party even though that party possesses a defense to liability . . . .  Chapter 33 then

is apparently unconcerned with the substantive defenses of responsible third parties . . . .).[3]  Even

assuming that Arvie's state-law claims against Hilco are barred by limitations, Hilco is properly

joined to the lawsuit.

Hilco argues that *res judicata* bars Arvie's motion to join it to this lawsuit.  *Res judicata*, or

claim preclusion, bars relitigation of a claim that a party raised or could have raised in prior

litigation.  *Arizona v. California*, 530 U.S. 392, 424 (2000); *Smith v. Waste Mgmt.*, 407 F.3d 381,

386 (5th Cir. 2005).  Claim preclusion applies when there was a prior final judgment on the merits;

the prior judgment was between identical parties or those in privity with them; and there is a second

action based on the same claims that were raised or could have been raised in the first action.  *Smith*,

407 F.3d at 386.  Claim preclusion does not apply because Arvie does not bring claims against Hilco

---

[3]  *See also Boenig v. StarnAir,* Inc., 283 S.W.3d 444, 450 (Tex. App.—Ft. Worth 2009) ("The purpose of
section 33.004(e) is to provide that a claimant is not barred by limitations from seeking to join a responsible
third party even though the joinder would otherwise be barred by limitations.  Implicit (or maybe explicit)
in this limitations purpose is that a claimant may seek to join in the underlying lawsuit—and thus assert a
claim or claims against—the responsible third party, presumably in an effort to collect part or all of any
recovery from that joined party, because the filing or granting of a motion for leave to designate a person as
a responsible third party or a finding of fault against the person does not by itself impose liability on the
person."); *Flack v. Hanke*, 334 S.W.3d 251, (Tex. App.—San Antonio, pet. dism'd) ("Section 33.004(e)
creates the potential to revive otherwise barred claims against a designated [responsible third party].  This
procedure may result in the plaintiff collaborating with a defendant to join additional tortfeasors.  For
example, section 33.004(e) allows a plaintiff to sue a defendant with little or no liability, and that defendant
may then designate the true tortfeasor as a[] [responsible third party]. . . .  The plaintiff subsequently may join
the true tortfeasor, avoid a limitations defense, and nonsuit the original defendant."); *Villarreal v. Wells Fargo
Brokerage Servs. LLC*, 315 S.W.3d 109, 122 (Tex. App.—Houston [1st Dist.] 2010, no pet.) ("[W]e can
ascertain no legislative intent from the statutory scheme that the legislature meant to preclude the joinder of
a responsible third party, which had a valid limitations defense when the suit was filed."); *see also* Gregory
J. Lensing, *Proportionate Responsibility and Contribution Before and After the Tort Reform of 2003*, 35 TEX.
TECH L. REV. 1125, 1182 (2004) ("A plaintiff who misses limitations as to one joint tortfeasor can easily
suggest to another joint tortfeasor that it should invoke the responsible-third-party device—perhaps even offer
that tortfeasor some inducement to do so—and then enjoy a new sixty-day window of opportunity to sue the
responsible third party.").

in a "second action," this court's summary judgment ruling was part of the same action.  Hilco cites

no cases supporting its contention that claim preclusion applies.  Also, this court's order dismissed

only the FDCPA claims against Hilco.  This court declined to exercise jurisdiction over the

remaining state-law claims.  There has been no judgment, even within this action, as to those claims.

And even if issue preclusion applied, it is unclear how a dismissal on limitations would survive the

Texas statute that appears to override limitations for a designated responsible third party joined to

the suit.

III.    **Conclusion**

Arvie's motion to join Hilco to the lawsuit in response to its designation as a responsible

third party, (Docket Entry No. 116), is granted.

SIGNED on June 7, 2011, at Houston, Texas.

Lee H. Rosenthal
United States District Judge

6